101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
GLENDORA, Plaintiff-Appellant,
v.
John C. MALONE, Bob Magness, Tele-Communications Inc.;
Brendan Cloustan; Robert Thomson; Barry Marshall; Donne
A. Fisher; John W. Gallivan; Kim Magness Robert F. Naify;
Paul J. O'Brien; Brian Sullivan; Scott Brown; Mary
Magarelli; John Wicker; Nona-Kerry Dunne; Myles Rich and
Any John or Jane Doe Defendants May claim as a necessary
party, and Yack Columbia Cablevision of Westchester, Inc.
doing business as TCI Cable of Westchester, Defendants-Appellees.
 No. 96-7068.
 United States Court of Appeals, Second Circuit.
 July 25, 1996.
 
 Appearing for Appellant: Glendora, pro se, White Plains, New York.
 Appearing for Appellees: Ben Wiles, Cohen, Dax, Koenig & Wiles, Albany, New York.
 S.D.N.Y.
 AFFIRMED.
 Present: WINTER, and CABRANES, Circuit Judges, and MOTLEY, District Judge.*
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Glendora appeals pro se from Judge Conner's order denying her motion for a preliminary injunction. We agree with Judge Conner that Glendora is unlikely to succeed in her action. We write only to underscore several points.
 First, Glendora is not entitled to the six-month notice of the intended change of service that N.Y. Pub. Serv. Law § 226(1) requires. That provision requires cable operators to provide such notice only to "the commission and to the franchisor, if any, and to the municipalities it serves." N.Y. Pub. Serv. L. § 226(1) (McKinney Supp.1996).
 Further, because they are created by franchise agreements between municipalities and cable operators, "public access" channels such as Channel 8 are not creatures of federal law. See Denver Area Educ. Telecommunications Consortium v. FCC, Nos. 95-124, 95-227, 1996 WL 354027 at * 5 (U.S. June 28, 1996) (Breyer, J., plurality opinion) (citing 47 U.S.C. § 531). TCI is, therefore, under no federal mandate to provide public access programming on Channel 8.
 
 
 1
 Glendora's reliance on Section 1(e) (1984), 47 U.S.C. § 531(e), is also misplaced because it is not implicated by the acts of which Glendora complains. She has alleged nothing amounting to editorial control over the content of her programming. Rather, she alleges only that TCI is changing the manner in which her program is being distributed, and even concedes that, under the proposed restructuring, she will still retain access to public access channels, albeit without the same system-wide audience and convenience.
 
 
 2
 Glendora's Section 1983 claim--that by shifting the channel allocation scheme TCI has violated her First Amendment rights--appears untenable. First, it is doubtful that TCI can be considered a "state actor" for purposes of the First Amendment or for Section 1983 liability. See Glendora v. Cablevision Sys. Corp., 45 F.3d 36, 37-38 (2d Cir.1995) (implicitly accepting that cable company was not state actor, but remanding for determination of whether statutory right of action exists); see also Denver Area, 1996 WL 354027 at * 7 (Breyer, J.) (plurality opinion) (finding state action, not in prospective editorial control by operators, but in passing of act itself). Second, it seems highly likely that TCI's acts, even if attributable to the government, do not offend the First Amendment because they " 'are justified without reference to the content of the regulated speech, ... are narrowly tailored to serve a significant governmental interest, and ... leave open ample alternative channels for communication of the information.' " Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989) (quoting Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293 (1984)).
 
 
 3
 Nor does it appear that Sections 4 and 5 of the Cable Television Consumer Protection and Competition Act of 1992 ("1992 Act"), 47 U.S.C. §§ 534, 535, provide for an independent, statutory right of action in a district court. Rather, they imply that, at least for a commercial operator aggrieved under the 1992 Act, the appropriate remedy lies initially with the Federal Communications Commission. 47 U.S.C. §§ 534(b)(6) and (d).
 
 
 4
 Finally, for purposes of injunctive relief, it does not appear that Glendora is under threat of irreparable harm. TCI's channel allocation scheme allows for an alternative, albeit more burdensome, means for Glendora's program to be aired.
 
 
 5
 We see no merit and therefore no likelihood of success in Glendora's other claims.
 
 
 6
 We therefore affirm.
 
 
 
 *
 The Honorable Constance Baker Motley, United States District Judge for the Southern District of New York, sitting by designation